**UNITED STATES of America**

v.

**Walter WYZYNSKI.**

**Crim. A. No. 83–00373.**

United States District Court,
E.D. Pennsylvania.

March 29, 1984.

Edward S.G. Dennis, Jr., U.S. Atty., Howard B. Klein, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Jack A. Meyerson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Walter Wyzynski has applied for a reduction of sentence pursuant to Federal Rule of Criminal Procedure 35. Specifically, he asks for a reduction in the amount of restitution required of him. In support of his motion he points out that he was less culpable than his co-defendant, he cooperated fully with the authorities while his co-defendant did not, he is currently unemployed, but despite all that, he was required to pay restitution of $25,000 as compared to his co-defendant's being required to pay $10,000. Thus, he asks that the amount of restitution he must pay be reduced to $10,000.

Petitioner's contentions are all valid and his argument persuasive. Nonetheless, his prayer for relief will be refused. In the first place, the co-defendant was sentenced to a period of three months confinement in a jail type or treatment institution. No such period of incarceration was imposed upon petitioner. Secondly, petitioner's ability to make restitution is far greater than that of his co-defendant. Given the financial abilities of the co-defendant, it is unlikely that he could pay a greater amount of restitution than that which was ordered. Thirdly, appropriate restitution does not involve a comparison between petitioner and his co-defendant and their relative culpability, but involves the law's policy, as recently stated by Congress, "to ensure that the Federal Government does all that is possible within limits of available resources to assist victims" of crime. Victim and Witness Protection Act of 1982, Pub.L. 97–291, § 2, 96 Stat. 1248, 1249 (1982), *reprinted in* 18 U.S.C. § 1512 note. Toward this end, restitution may be ordered in addition to any other penalty allowed by law. 18 U.S.C. § 3579 (1982). Petitioner was ordered to pay restitution which would approximate one-half of the victim's loss.

The fact that his co-defendant's financial means would not make a similar order realistic does not mean petitioner was treated unfairly.